UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 13-16985 |
| | ) | |
| LifeHealth Science, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Pat E. Morgenstern-Clarren |

**APPLICATION FOR ORDER PURSUANT TO SECTION 327 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF BUCKLEY KING, LPA AS COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION**

LifeHealth Science, LLC, debtor and debtor in possession herein (the "Debtor"), hereby applies (the "Application") to the Court for entry of an Order authorizing and approving the Debtor's retention and employment of Buckley King, LPA ("BK") as counsel to the Debtor, pursuant to § 327 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and in support thereof, respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory bases for the relief sought herein are §327 of the Bankruptcy Code and Bankruptcy Rule 2014(a). Venue of the

Debtor's chapter 11 case in this district and division is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On October 2, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor intends to manage its property pursuant to §§ 1107 and 1108 of the Bankruptcy Code as a debtor-in-possession.

3. The Debtor is an Ohio limited liability company that was formed in 2009. The Debtor is in the business of developing, manufacturing and marketing nutritional health supplements, and its headquarters are located in Cleveland, Ohio.

## REQUESTED RELIEF AND REASONS THEREFOR

4. By this Application, the Debtor requests that this Court enter an Order, pursuant to §327 of the Bankruptcy Code, authorizing the Debtor to employ and retain BK, under a general retainer, as its counsel to represent the Debtor in all phases of its chapter 11 case. A copy of the written retention agreement between the Debtor and BK is annexed hereto as Exhibit A. The Debtor has agreed to all of the terms and conditions of that written retention agreement.

5. The Debtor has selected BK as its counsel because of the firm's extensive and diverse experience, knowledge and reputation in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, and in other areas of law related to the within chapter 11 case. BK is a 40-lawyer full service law firm with several lawyers who practice primarily in the field of bankruptcy law, and has the resources and depth of expertise rendering it well qualified to represent the Debtor's interests in this case.

6. The Debtor contemplates that BK will render general legal services to the Debtor as needed throughout the course of the chapter 11 case. Certain of the legal services that BK will render to the Debtor may be summarized as follows:

   a. Advising the Debtor of its rights, powers and duties as debtor-in-possession in the continued operation of its business;

   b. Advising the Debtor concerning, and assisting in, negotiation and documentation of, inter alia, financing agreements, debt restructuring, cash collateral orders and related transactions;

   c. Reviewing the nature and validity of agreements related to the Debtor's business and assets, and advising the Debtor in connection with such matters;

   d. Reviewing the nature and validity of liens (if any) asserted against the Debtor's assets and advising the Debtor concerning the enforceability of such liens;

   e. Advising the Debtor concerning actions that it might take to collect and recover property for the benefit of the Debtor's estate and creditors;

   f. Preparing, on behalf of the Debtor, all necessary and appropriate applications, motions, pleadings, draft orders, notices, schedules and other documents, and reviewing all financial and other reports to be filed in its Chapter 11 case;

   g. Reviewing with the Debtor any offers to purchase some or all of the Debtor's assets and, if appropriate, preparing such pleadings as are necessary and appropriate to effectuate the sale;

   h. Advising the Debtor concerning, and preparing responses to, such applications, motions, pleadings, notices and other papers which may be filed and served in connection with its Chapter 11 case;

   i. Counseling the Debtor in connection with the formulation, negotiation and promulgation of a Chapter 11 plan or plans of reorganization and related documents;

3

      j.      Reviewing and analyzing the Debtor's leases of both real and personal property and assisting the Debtor in determining whether such leases should be assumed or rejected pursuant to the applicable provisions of the Bankruptcy Code; and, if appropriate, assisting the Debtor in negotiating new leases or modifications to existing leases; and

      k.      Performing all other legal services for and on behalf of the Debtor which may be necessary or appropriate in the administration of its Chapter 11 case and its business and assets, including advising and assisting the Debtor with respect to debt restructuring, asset dispositions, general labor, employment, corporate, tax, finance, real estate and litigation matters.

7. It is necessary and essential that the Debtor, as debtor-in-possession, employs attorneys to render the above-described professional services.

8. Subject to this Court's approval, BK will charge the Debtor for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates as in effect on the date such services are rendered and for its out of pocket disbursements incurred in connection therewith, as set forth in the affidavit of Harry W. Greenfield, Esq., a member of BK (the "Greenfield Affidavit"), filed simultaneously herewith.

9. To the best of the Debtor's knowledge, information and belief, other than in connection with this case, BK has no connection with the Debtor, its creditors, or any other party in interest herein, or their respective attorneys or accountants, except as set forth in the Greenfield Affidavit.

10. To the best of the Debtor's knowledge, information and belief, BK does not represent and does not hold any interest adverse to the Debtor, the Debtor's estate, or its creditors or equity

security holders in the matters upon which BK is to be engaged, and is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code.

11. BK intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

12. BK has indicated a willingness to act as attorneys on the Debtor's behalf, subject to the written retention agreement annexed hereto.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order: (i) authorizing and approving the Debtor's retention of BK as counsel, and (ii) granting such other and further relief as the Court deems just and proper.

LifeHealth Science, LLC

By: _____
Kent Adams

Its: President and CEO

1528960v1