UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 13-16985 |
| | ) | |
| LifeHealth Science, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge: Pat E. Morgensern-Clarren |

### AFFIDAVIT OF HARRY W. GREENFIELD ON BEHALF OF BUCKLEY KING, LPA PURSUANT TO SECTIONS 327, 329 AND 504 OF THE BANKRUPTCY CODE, AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014(a) AND 2016(b)

| | |
|---|---|
| STATE OF OHIO ) | |
| ) | SS: |
| COUNTY OF CUYAHOGA ) | |

HARRY W. GREENFIELD, of full age, being duly sworn according to law, upon his oath deposes and states:

1. I am an attorney-at-law, duly admitted and in good standing to practice in the State of Ohio, before the United States District Court for the Northern District of Ohio, the United States Court of Appeals for the Sixth Circuit, and the Supreme Court of the United States. I am a member of the law firm of Buckley King LPA ("BK"), located at 1400 Fifth Third Center, 600 Superior Avenue, Cleveland, Ohio 44114, whose members and associates in its Cleveland office are admitted to practice before the United States District Court for the Northern District of Ohio. I make this Affidavit pursuant to sections 327, 329 and 504 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the application for an Order authorizing the retention of BK, as counsel for LifeHealth Science, LLC, debtor and debtor-in-possession in the above-captioned case (the "Debtor").

2. No agreement or understanding in any form exists between BK or any other person for the division of the compensation to be paid to BK in this chapter 11 case (except sharing of fee compensation among members and associates of BK).

3. I, the firm of BK, and the members and associates thereof, insofar as I have been able to ascertain, presently have no connection with the Debtor, its creditors, equity security holders or any other parties-in-interest, or their respective attorneys or accountants, other than as set forth below. To the best of my knowledge, BK is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. Neither I, nor any member of my firm, is related to or connected with any Judge of the Northern District of Ohio. Nor are we related to or connected with the U.S. Trustee for this Region or any member of his staff.

4. To the best of my knowledge, BK does not represent any adverse parties in connection with this chapter 11 case other than as disclosed below. While employed by the Debtor, I, the firm of BK, and the members and associates thereof, will not represent any other entity having an interest adverse to the Debtor or its estate in connection with this case.

5. At the beginning of September, 2013, due to various economic difficulties that the Debtor was facing, BK was retained to advise the Debtor regarding the filing of a voluntary petition for relief under the Bankruptcy Code.

6. BK maintains a computerized list of persons for whom it has rendered legal services in the past (the "Conflicts Database"). Before making this affidavit, I caused a BK employee to compare the names of those persons set forth on the List of Creditors filed by the Debtor in this chapter 11 case, which includes all of the Debtor's known creditors, against the names of existing

and former BK clients in the Conflicts Database. I have been informed by such employee that this search has produced the following "matches": BK has represented (and may continue to represent) PNC Bank ("PNC") and Bert Moyar ("Moyar") [as well as possibly others yet undisclosed to BK] on various matters unrelated to the Debtor and this chapter 11 case. BK does not intend to represent PNC or Moyar in connection with any adverse claims that they may have against the Debtor or the Debtor's estate in this chapter 11 case. Further, BK does not intend to represent the Debtor in any adversary proceedings that may be initiated against PNC or Moyar. Accordingly, I do not believe that BK has any relationships with any of the Debtor's known creditors that would constitute "connections" within the meaning of the applicable Bankruptcy Rules, which would adversely affect the exercise of BK's independent professional judgment on behalf of the Debtor in this chapter 11 case, or otherwise render BK not disinterested within the meaning of Section 101(14) of the Bankruptcy Code.

7. Prior to the commencement of this chapter 11 case, BK received a retainer from the Debtor in the amount of $20,000 for services rendered in advising the Debtor as to the Debtor's financial difficulties and for services to be rendered in connection with the Debtor's chapter 11 case, which will be applied to expenses incurred prepetition, including those necessary to file the chapter 11 case. BK has not received payment from the Debtor for any services rendered post-petition.

8. I have advised the Debtor of BK's willingness to serve as its counsel and to accept compensation for professional services rendered and expenses incurred, as set forth in our retention agreement (a copy of which is attached as Exhibit A to the *Application for Order Pursuant to Section 327 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014(a) Authorizing and*

*Approving the Employment and Retention of Buckley King, LPA as Counsel for Debtor and Debtor-in-Possession*). Subject to approval of this Court upon appropriate application therefor, BK intends to bill for its legal services in this case in accordance with its usual practice, applying its customary hourly rates for matters of this type, and charging for all disbursements and expenses customarily billed to its clients and necessarily incurred, except as such usual practices have been revised to comply with the Bankruptcy Rules and any applicable Local Rules of Bankruptcy Practice or the "Guidelines for Compensation Expense Reimbursement of Professionals" promulgated by this Court (the "Guidelines"). I certify that I have reviewed and am familiar with this Court's Guidelines. BK will account for its time and expenses in accordance with the Guidelines, and BK's applications for allowance of compensation and reimbursement of expenses will comply with the Guidelines.

10. It is contemplated that Harry W. Greenfield and Jeffrey C. Toole, shareholders, and Heather E. Heberlein, an associate, will provide the most substantive attention the Debtor's chapter 11 case. The respective rates of these attorneys are: Harry W. Greenfield - $420; Jeffrey C. Toole - $325; and Heather E. Heberlein - $195. These and BK's other hourly rates are subject to periodic review and adjustment. To the extent the services of other members, associates and paralegals of the firm are utilized in order to take advantage of their expertise in a particular area of the law, their hourly billing rates will be consistent with the rates of those attorneys listed above who have similar experience and seniority, and with the firm's customary billing rates.

11.     Accordingly, BK is eligible for employment and retention by the Debtor pursuant to section 327 of the Bankruptcy Code and the applicable Bankruptcy Rules.

_____
HARRY W. GREENFIELD

SWORN AND SUBSCRIBED to before me this 30 day of September, 2013.

_____
NOTARY PUBLIC

HEATHER E. HEBERLEIN, Atty.
NOTARY PUBLIC • STATE OF OHIO
My commission has no expiration date
Section 147.03 O.R.C.

1528964_1