UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 13-16985 |
| | ) | |
| LifeHealth Science, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Pat E. Morgenstern-Clarren |

**DEBTOR'S MOTION FOR ORDER (1) AUTHORIZING SECURED POST-PETITION FINANCING ON A SUPERPRIORITY BASIS PURSUANT TO 11 U.S.C. § 364, (II) AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND 364, (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(C) AND (IV) FOR SUCH OTHER RELIEF AS THE COURT DEEMS APPROPRIATE**

LifeHealth Science, LLC, the debtor and debtor-in-possession herein (the "Debtor"), hereby moves (the "Motion") this Court for entry of a proposed *Interim Order (I) Authorizing Secured Post-Petition Financing on a Superpriority Basis Pursuant to 11 U.S.C. § 364, (II) Authorizing Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. §§ 363 and 364, and (III) Scheduling a Final Hearing Pursuant to Federal Rules of Bankruptcy Procedure 4001* (the Interim Post-Petition Financing Order"), substantially in the form of order attached hereto as <u>Exhibit A</u>, (i) authorizing the Debtor to enter into the financing transactions described in clause (iii) below, (ii) scheduling a final hearing on this Motion to enter a final financing order (the "Final Post-Petition Financing Order") that will be submitted to the Court in advance of such hearing, and that the Debtor expects will have terms and conditions similar to those in the Interim Post-Petition Financing Order, (iii) authorizing the Debtor to obtain post-petition loans, advances and other credit accommodations of up to $600,000 from 1375 East Ninth LLC ("1375") pursuant to Bankruptcy Code sections 105, 364(c), and 364(d), and Federal Rules of Bankruptcy Procedure 4001 and 9014, and (iv) authorizing the Debtor to grant 1375 first priority security interests in and liens upon all present and future property of the Debtor's

estate, including, *inter alia*, accounts receivable, inventory, chattel paper, equipment, general intangibles, and the proceeds thereof.

The proposed Interim Post-Petition Financing Order will provide the Debtor with critically needed funds for payroll and day-to-day operating expenses, while also providing 1375, the Debtor's primary post-petition secured lender, with "adequate protection" pursuant to § 363(e) of the Bankruptcy Code.

In support of this Motion the Debtor states as follows:

**STATEMENT OF RELIEF REQUESTED SUMMARIZING MATERIAL PROVISIONS PURSUANT TO BANKRUPTCY RULES 4001(c)(1)(B)**

1. Pursuant to Bankruptcy Rules 4001(c)(1)(B), below is a statement of the relief requested that summarizes various material provisions of the Interim Order and the location within the Interim Order where such material provisions may be found:[1]

    a. revolving loans from 1375 to the Debtor up to a maximum credit amount of $600,000, subject to the terms of a budget approved by 1375 described more fully in the 1375 Loan Agreement, which loans and other amounts owing by the Debtor to 1375 will bear interest at the rate of 6% per annum;

    b. "Events of default" include (among other things) the Debtor's failure to pay when due any of the Obligations (as defined in the DIP Loan Agreement), the failure of Debtor to observe or perform any covenant contained in the DIP Loan Agreement or in any other Loan Document, and any representation or warranty that at any time made by Debtor to 1375 is, or becomes, untrue or misleading in any material respect;

    c. the setting-aside of a "carve-out" for (i) the payment of allowed professional fees and disbursements incurred by the Debtor and any creditors' committee appointed in this case, in the aggregate amount of $50,000 (the payment of which would be subject to the Court's approval of future fee applications submitted by such professionals), and (ii) payment of fees pursuant to 28 U.S.C. § 1930 (the "Carve-Out");

    d. the Debtor's granting of liens to 1375 on those of the Debtor's assets described in the DIP Loan Agreement, whether such assets are pre-petition or post-petition assets;

---

[1] The summary below is qualified in all respects by the proposed form of Interim Order, and nothing herein shall be construed to modify, limit, or affect the Interim Order.

e. the Court's granting of super-priority secured claim status to 1375 pursuant to Bankruptcy Code § 364(d)(1);

f. the extension, adoption, and amendment of the various 1375 loan documents to reflect the terms of the DIP Loan Agreement and Interim Post-Petition Financing Order; and

g. an Interim Post-Petition Financing Order, which provides that 1375 shall have a first priority lien and security interest in substantially all of the Debtor's assets.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtor's Chapter 11 case and this Motion is proper in this district and division pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On October 2, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. No request for the appointment of a trustee or an examiner has been made in this case and no statutory committee has been appointed or designated.

5. The Debtor is an Ohio limited liability company that was formed in 2009. The Debtor is in the business of developing, manufacturing and marketing nutritional health supplements, and its headquarters are located in Cleveland, Ohio.

6. The Debtor has remained in possession of its property subsequent to the Petition Date as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code. If the Debtor is to have any possibility of reorganizing, it must continue its normal day-to-day operations to the extent possible. The Debtor can continue its normal business operations only if the relief sought in this Motion is granted.

**I. The 1375 DIP Financing**

7. Prior to the Petition Date, the Debtor sought a lender who would provide the Debtor with the required DIP financing. 1375 is willing to provide the Debtor with DIP financing on terms that the Debtor believes are reasonable under the circumstances.

8. The Debtor is requesting authorization to borrow up to $600,000 from 1375 pursuant to that certain Debtor-in-Possession Loan and SecurityAgreement (the "DIP Loan Agreement") and other documents, instruments and agreements executed or delivered in connection therewith. The loans and advances made by 1375 to the Debtor pursuant to the DIP Loan Agreement and the other documents, instruments and agreements executed or delivered in connection therewith shall be secured by all of the assets and properties of the Debtor, including, without limitation, all pre-petition and post-petition assets and properties.

9. Under the DIP Loan Agreement, 1375 will loan up to $600,000 (the "DIP Facility") to the Debtor on the terms and conditions set forth within therein, and pursuant to the proposed Interim Post-Petition Financing Order.

## BASIS FOR RELIEF REQUESTED

### PROPOSED INTERIM FINANCING

#### A. TERMS OF THE PROPOSED DEBTOR IN POSSESSION FINANCING

10. The Debtor and 1375 have, after good faith and arms length negotiations, negotiated the final terms of the DIP Loan Agreement, which serves as the framework for the proposed Interim Post-Petition Financing Order. See paragraph 1 above for a summary of the various material provisions of the Interim Order.

#### B. THE DEBTOR'S EMERGENT NEED FOR FINANCING

11. Without the interim financing described herein, the Debtor will not have the funds necessary to, among other things, purchase inventory or pay its post-petition payroll and other overhead expenses critical to the continued operation of the Debtor's business. Without financing, the Debtor will have no hope of reorganizing, and the value of the Debtor's estate will plummet. The Debtor has requested that 1375 make loans and advances to the Debtor as outlined above, to provide funds to be used by the Debtor for expenses incurred by the Debtor in the ordinary, day-to-day operation of its business.

12. The Debtor believes that 1375 is willing to make such loans and advances in the principal amount of up to $600,000 on a first priority secured basis as is more fully detailed in the Interim Post-Petition Financing Order and DIP Loan Agreement, when the same are finalized. The Debtor has attempted to find unsecured financing and financing solely allowable as an administrative expense to no avail.

13. Simultaneously herewith, the Debtor has filed it *Motion for Entry of an Order (i) Scheduling an Expedited Hearing to Consider Certain First Day Motions and (ii) Approving the Form and Manner of Notice of this Expedited Hearing* (the "Emergency Hearing Request"), requesting that this and other "first day" motions of the Debtor be heard by the Court as expeditiously as possible. The Debtor's need for approval of the subject financing is immediate because, among other reasons, the Debtor's next payroll is due October 11, 2013, which the Debtor may be unable to pay without access to these funds.

## NOTICE AND SERVICE

14. The Debtor will serve the Emergency Hearing Request and the order granting that Request (if entered) and this Motion on (a) 1375, (b) the Debtor's twenty largest unsecured creditors and (c) the Office of the United States Trustee, via overnight courier, facsimile, e-mail or other expedited means. Should the Court grant the proposed Interim Financing Order, the Debtor will

mail copies of the same to the same parties. Given the nature of the relief sought in this Motion, the Debtor believes that no further service or notice of this Motion should be required.

WHEREFORE, the Debtor prays for the following relief:

a. entry of the proposed "Interim Post-Petition Financing Order", substantially in the form of <u>Exhibit A</u> hereto

b. the scheduling of a final hearing on this Motion to enter a final financing order that will be submitted to the Court in advance of such hearing, and that the Debtor expects will have terms and conditions similar to those in the Interim Post-Petition Financing Order; and

c. entry of an order granting such other and further relief as is deemed just and proper.

Respectfully submitted,

*s/ Harry W. Greenfield*
Harry W. Greenfield (0003839)
greenfield@buckleyking.com
Jeffrey C. Toole (0064688)
toole@buckleyking.com
Heather E. Heberlein (0083828)
heberlein@buckleyking.com
BUCKLEY KING, LPA
1400 Fifth Third Center
600 Superior Avenue
Cleveland, Ohio 44114
Telephone: (216) 363-1400
Facsimile: (216) 579-1020

Proposed Attorneys for
LifeHealth Science, LLC,
Debtor and Debtor in Possession

1527648_1