# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 13-16985 |
| | ) | |
| LIFEHEALTH SCIENCE, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Pat E. Morgenstern-Clarren |

**INTERIM ORDER (I) AUTHORIZING SECURED
POST-PETITION FINANCING ON A SUPERPRIORITY BASIS PURSUANT TO
11 U.S.C. § 364, (II) AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL
PURSUANT TO 11 U.S.C. §§ 363 AND 364, AND (III) SCHEDULING
A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(C)**

This matter came before the Court upon the emergency motion (the "Motion") of LifeHealth Science, LLC Debtor and Debtor in possession herein ("Debtor"), (a) seeking this Court's authorization pursuant to Sections 363(c), 364(c)(1), 364(c)(2), 364(c)(3) and 364(d)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code") and Rules 2002, 4001(c) and 9014 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), for the Debtor, inter alia, (i) to obtain secured post-petition financing up to an aggregate principal amount not to exceed $600,000 (the "Post-Petition Financing") from 1375 East Ninth LLC as the Lender (the "Lender"), (ii) to grant the Lender, pursuant to Bankruptcy Code §§ 364(c) and 364(d), security interests in all of the Debtor's presently owned and after-acquired personal property and (iii) grant the Lender, pursuant to

Bankruptcy Code § 364(c)(1), priority in payment with respect to such obligations over any and all administrative expenses of the kinds specified in Bankruptcy Code §§ 503(b) and 507(b), other than in respect of the Carve-Out (as defined below); (b) seeking a preliminary hearing (the "Preliminary Hearing") on the Motion to consider entry of an interim order pursuant to Bankruptcy Rule 4001; and (c) requesting that a final hearing (the "Final Hearing") be scheduled, and that notice procedures in respect of the Final Hearing be established by this Court to consider entry of a final order authorizing on a final basis, inter alia, the Post-Petition Financing (this "Order"); the Preliminary Hearing having been held before this Court; due and sufficient notice of the Motion and the Preliminary Hearing under the circumstances having been given; and upon the entire record made at the Preliminary Hearing, and this Court having found good and sufficient cause appearing therefore,

THE DEBTOR AND THE LENDER STIPULATE AND THE COURT FINDS AND CONCLUDES THAT:

A. On October 2, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is continuing in possession of its property, and operating and managing its business as a debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

B. This Court has jurisdiction over this Chapter 11 Case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2).

C. Debtor does not have sufficient available sources of working capital and financing to pay necessary expenses such as payroll, taxes, utilities and professionals without the post-petition financing contemplated herein. In addition, the Debtor's critical need for financing is

immediate. In the absence of the Debtor's ability to obtain post-petition financing, the preservation of the Debtor's assets would not be possible and serious and irreparable harm to the Debtor, its estate and its creditors would occur.

D. Given the Debtor's current financial condition, financing arrangements and capital structure, the Debtor cannot obtain unsecured credit allowable under Bankruptcy Code § 503(b)(1) as an administrative expense. Financing on a post-petition basis is not otherwise available without Debtor (i) granting, pursuant to Bankruptcy Code § 364(c)(1), claims having priority over any and all administrative expenses of the kinds specified in Bankruptcy Code §§ 503(b) and 507(b), other than as described below in respect of the Carve-Out (as defined below), (ii) securing, pursuant to Bankruptcy Code §§ 364(c) and (d), such indebtedness and obligations with security interests in and liens on all of Debtor's personal property and real property as described below, and (iii) providing for adequate protection of the Lender's interests as described below.

E. Notice of the Preliminary Hearing and the relief requested in the Motion has been given to (i) the Office of the United States Trustee, (ii) counsel to the Lender, (iii) the creditors holding the 20 largest unsecured claims against the Debtor, and (iv) all other known parties who filed financing statements, or have liens on or security interests in the Debtor's assets or property. Under the circumstances, such notice of the Preliminary Hearing and the relief requested in the Motion constitutes adequate and sufficient notice under Bankruptcy Code §§ 102(1), 364(c) and 364(d) and Bankruptcy Rules 2002 and 4001(c), and no other notice need be given.

F. At the Preliminary Hearing, the court considered representations made by counsel, offers of proof, and/or testimony regarding:

(i) the negotiations pertaining to this Order;

(ii) the necessity for this Order;

(iii) the events leading up to the filing of this Chapter 11 Case by Debtor;

(iv) Debtor's need for credit to the extent necessary to avoid immediate and irreparable harm to its estate, pending a final hearing in accordance with Bankruptcy Rule 4001(c); and

(v) those expenses necessary to avoid immediate and irreparable harm to its estate.

G. Based on the record presented to the Court by the Debtor at the Preliminary Hearing, the Post-Petition Financing has been negotiated in good faith and at arm's length between Debtor and Lender, and any credit extended, and loans made to Debtor pursuant to the DIP Loan Agreement shall be deemed to have been extended, issued or made, as the case may be, in good faith by Lender as required by, and within the meaning of, Bankruptcy Code § 364(e).

H. Based on the record presented to the Court by Debtor at the Preliminary Hearing, the terms of the Post-Petition Financing appear to be fair and reasonable, are ordinary and appropriate for secured financing to debtor in possession, reflect Debtor's exercise of prudent business judgment consistent with its fiduciary duties, and are supported by reasonably equivalent value and fair consideration.

I. Debtor has requested immediate entry of this Order pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2). The permission granted herein to enter into the Post-Petition Financing and obtain funds thereunder is necessary to avoid immediate and irreparable harm to the Debtor. This Court concludes that entry of this Order is in the best interest of the Debtor's

estate and creditors as its implementation will, among other things, provide the Debtor with the necessary funds to conduct and complete the orderly liquidation of the Debtor's business and maximize the value of the Debtor's assets for the benefit of creditors and the estates.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, EFFECTIVE IMMEDIATELY, AND AGREED AMONG THE PARTIES HERETO THAT:

1. The Motion is granted, subject to the terms and conditions set forth in this Order.[1]

2. Debtor is hereby authorized to obtain the Post-Petition Financing and additionally to borrow money and seek other financial accommodations from the Lender after the Petition Date pursuant to the terms and conditions of this Order. To avoid immediate and irreparable harm to the Debtor's estate prior to the Court's entry of a Final Order authorizing Debtor to continue to obtain the Post-Petition Financing set forth herein, the Lender shall be authorized to advance funds constituting Post-Petition Financing of no greater than $600,000. Debtor is authorized to use the proceeds of any loans ("Loans") made under the Post-Petition Financing, to use other Collateral (as defined below) as provided in the Budget for the continued operation of the Debtor's business and the administration of this Chapter 11 Case (all such Loans, and use other Collateral (as defined below) collectively shall constitute, the "Post-Petition Indebtedness"), provided, that the proposed Loans are consistent with the terms of this Order and will only be used to pay when due the expenses set forth in the Budget.

3. In accordance with Bankruptcy Code § 364(c)(1), subject to the Carve-Out provided in Paragraph 5 hereof, the Post-Petition Indebtedness shall constitute claims (the "Superpriority Claims") with priority in payment over any and all administrative expenses of the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or the DIP Loan Agreement as the case may be.

5

kinds specified or ordered pursuant to any provision of the Bankruptcy Code, including, without limitation, Bankruptcy Code §§ 105, 326, 328, 330, 331, 503(b), 507(a), 507(b) and 726, and shall at all times be senior to the rights of the Debtor, and any successor trustee or any creditor in the Chapter 11 Case or any subsequent proceedings under the Bankruptcy Code. Subject only to the Carve-Out (as described in paragraph 5 herein), no cost or expense of administration under Bankruptcy Code §§ 105, 364(c)(1), 503(b), 507(b) or otherwise, including those resulting from the conversion of the Chapter 11 Case pursuant to Bankruptcy Code § 1112, shall be senior to, or pari passu with, the Superpriority Claims of the Lender arising out of the Post-Petition Indebtedness.

4. As security for the Post-Petition Indebtedness, the Lender shall have and is hereby granted (effective upon the date of this Order and without the necessity of the recordation of mortgages, security agreements, pledge agreements, financing statements or otherwise), valid and perfected security interests in, and liens on (collectively, the "Liens"), all assets of the Debtor of any nature whatsoever and wherever located, tangible or intangible, whether now or hereafter acquired, including, without limitation, accounts, inventory, instruments, investment property, documents, equipment, fixtures, general intangibles, and any and all proceeds of the foregoing, causes of action (specifically excluding any avoidance actions (the "Avoidance Actions") under Bankruptcy Code §§ 544, 545, 547, 548, 549, 550 or 553), investment property, leases and all substitutions thereto, accessions, rents and proceeds of the foregoing, wherever located, including insurance and other proceeds (collectively, with all proceeds and products of any or all of the foregoing, the "Collateral"):

    a. Pursuant to Bankruptcy Code § 364(c)(2), a first priority, perfected Lien upon all of the Debtor's right, title and interest in, to and under all Collateral that is not

otherwise encumbered by a validly perfected security interest or lien senior to the Liens of the Lender on the Petition Date;

      b.    Pursuant to Bankruptcy Code § 364(d)(1), a first priority, senior perfected Lien upon all of Debtor's right, title and interest in, to and under the Collateral, provided that such first priority senior Lien shall be subject and junior to any prior liens of third parties that exist pursuant to law which were properly perfected (or become properly perfected after the Petition Date under Bankruptcy Code § 546(b)) and are senior in priority to the Liens of the Lender prior to the Petition Date ("<u>Prior Permitted Liens</u>"); and

      c.    Pursuant to Bankruptcy Code § 364(c)(3), a second priority, junior perfected Lien upon all of Debtor's right, title and interest in, to and under all other Collateral which is subject to Prior Permitted Liens to the extent such perfection in respect of a Pre-Petition Date claim is expressly permitted under the Bankruptcy Code.

Except to the extent expressly set forth in clauses (b) and (c) of this paragraph and Paragraph 5 hereof, the Liens granted pursuant to this Order to the Lender to secure the Post-Petition Indebtedness shall not be subordinated to or made <u>pari passu</u> with any other lien or security interest. The provisions of any intercreditor agreements or subordination agreements which subordinate liens and security interests to the liens and security interests of the Lender or other indentures which subordinate any claims to the claims of the Lender shall remain in full force and effect and shall continue with respect to the liens and security interests granted to the Lender in the Collateral.

    5.    Any provision of this Order to the contrary notwithstanding, the Liens and Superpriority Claims granted to the Lender pursuant to this Order shall be subject and

7

subordinate to a carve-out (the "Carve-Out") for (a) following the occurrence and during the pendency of a Default or an Event of Default (as each such term is defined in this Order), the payment of allowed and unpaid professional fees and disbursements incurred by the professionals retained, pursuant to Bankruptcy Code §§ 327 or 1103(a), by the Debtor and any statutory committee of unsecured creditors appointed in the Chapter 11 Case (the "Creditors Committee") in the amounts not to exceed $50,000.

6. Except as set forth in Paragraph 5 hereof, the Liens shall be prior and senior to all liens and encumbrances (other than Prior Permitted Liens) of all other secured creditors in and to such Collateral granted, or arising, after the Petition Date (including, without limitation, liens and security interests, if any, granted in favor of any federal, state, municipal or other governmental unit, commission, board or court for any liability of the Debtor). The Liens granted pursuant to this Order shall constitute valid and duly perfected security interests and liens, and the Lender shall not be required to take any action, including taking possession, to validate and perfect such security interests and liens; and the failure by the Debtor to execute any documentation relating to the Liens shall in no way affect the validity, perfection or priority of such Liens. If, however, the Lender at its sole discretion shall determine to file any such financing statements, notices of lien or similar instruments, or to otherwise confirm perfection of such Liens, the Debtor is directed to cooperate with and assist in such process, the stay imposed by Bankruptcy Code § 362(a) is hereby lifted to allow the filing and recording of a certified copy of this Order or any such financing statements, notices of lien or similar instruments, and all such documents shall be deemed to have been filed or recorded at the time of and on the date of this Order.

7. Without prejudice to the rights of any other party (but subject to the limitations thereon described below in Paragraph 26), proceeds or payments received by the Lender with respect to the Collateral upon which the Lender has security interests or liens shall be applied by the Lender as follows:

    a. first, to the payment of all costs, fees and expenses, including attorneys' fees of the Lender;

    b. second, to the payment of Post-Petition Indebtedness including all accrued and accruing interest, costs and expenses, including reasonable attorneys' fees; and

    c. third, to the payment of the Post-Petition Indebtedness consisting of principal.

If, in the course of the Chapter 11 Case, and contrary to the above provisions, the Court grants liens or security interests to others pursuant to Bankruptcy Code § 364(d) or any other provision of the Bankruptcy Code, which liens or security interests are senior or equal to the liens or security interests of the Lender in the Collateral described above (collectively, "Subsequent Liens"), then any proceeds of loans or extensions of credit secured by such Subsequent Liens shall be applied first to payment of the Post-Petition Indebtedness, including all attorneys' fees, costs and expenses, and the Lender shall retain all liens and security interests held by it on the Collateral until all of the Post-Petition Indebtedness is paid in full.

8. Attached hereto as Exhibit A is Budget (the "Budget"), which has been consented to by the Lender. The Budget reflects, on a line-item basis, anticipated cash receipts and expenditures on a weekly basis and includes all necessary and required expenses which Debtor expects to incur during each month of the Budget. Debtor shall be authorized to use the proceeds of the Post-Petition Indebtedness and the Collateral only for payment of such items as is set forth

9

in the Budget and subject to the terms and conditions set forth in this Order. The Budget shall be revised by the end of each month during the period of this Interim Order, and which shall remain subject to the consent of the Lender each month. Any disbursement by Debtor other than for budgeted amounts as set forth in the Budget shall constitute an Event of Default in accordance with the provisions of this Order unless the Lender consents to those changes in writing.

9. If a Default or an Event of Default (as defined in this Order) occurs and upon the Lender providing three (3) business days written notice to the Debtor, the office of the United States Trustee, and any statutory committees appointed in this Chapter 11 Case ("Default Notice"), the Lender may terminate the Post-Petition Financing (the date of any such termination, the "Termination Date") and declare the Loans to be immediately due and payable, and the automatic stay pursuant to Bankruptcy Code § 362(a) shall be deemed lifted and modified, without further order of this Court, to permit the Lender to exercise any and all of their rights and remedies under this Order; provided, however, (i) that the obligations and rights of the Lender and the Debtor with respect to all transactions which have occurred prior to the Termination Date shall remain unimpaired and unaffected by any such termination and shall survive such termination; (ii) that upon such termination the Lender shall be deemed to have retained all of their rights and remedies, including, without limitation, as provided under the Bankruptcy Code; and (iii) that subsequent to the issuance of the Default Notice the Debtor and the Committee may seek entry of an Order after notice and hearing allowing use of Cash Collateral and prohibiting the Lender from taking the actions contemplated in this paragraph.

10. An Event of Default under this Order shall include: (i) the entry of an order dismissing any of the Chapter 11 Case or converting the Chapter 11 Case to a Chapter 7 case, (ii) the entry of an order appointing a Chapter 11 trustee in the Chapter 11 Case, (iii) the entry of

10

an order granting any other claim superpriority status or a lien (other than a Prior Permitted Lien) equal or superior to the liens granted to the Lender (except pursuant to an order under Bankruptcy Code § 506(c)), (iv) the entry of an order staying, reversing, vacating or otherwise modifying the Post-Petition Financing under this Order (except as modified in a final order acceptable to Lender) without the Lender's prior written consent, (v) the entry of an order in the Chapter 11 Case appointing an examiner having enlarged powers beyond those set forth under Bankruptcy Code § 1106(a)(3) and (4), (vi) any material representation or material warranty by the Debtor that is incorrect or misleading in any material respect when made, (vii) the occurrence of a material adverse disruption or change in the Debtor's business and assets or a change of control shall occur other than pursuant to a plan of reorganization or liquidation in which the Lender is repaid in full, (viii) the entry of any order granting any relief from the automatic stay so as to allow a third party to proceed against any material asset or assets of the Debtor, other than relating to assets subject to Prior Permitted Liens which if granted will not materially or adversely affect current operations, (ix) the entry of the Final Order shall not have occurred within forty (40) days after the Petition Date, (x) the assertion by the Debtor (or any other party in interest) of claims arising under Bankruptcy Code § 506(c) against the Lender or the commencement of other actions adverse to the Lender or its rights and remedies under this Order, the Final Order approving this Motion, or any other Bankruptcy Court order, (xi) the entry of an order confirming a plan of reorganization in the Chapter 11 Case unless such order provides for payment in full in cash of all Post-Petition Indebtedness on or before the effective date of the plan of reorganization that is the subject of such order, or (xii) the failure to pay in full the Post-Petition Indebtedness by the last day of the Term. The term "Default" herein means

11

the occurrence of any event which except for the passage of time or the giving of notice or both would constitute an Event of Default (as defined in the DIP Loan Agreement or in this Order).

11.  Upon the occurrence of a Default or an Event of Default, the Lender may exercise its rights and remedies and take all or any of the following actions without further modification of the automatic stay pursuant to Bankruptcy Code § 362 which is hereby deemed modified and vacated to the extent necessary to permit such exercise of rights and remedies and the taking of such actions and without further order of or application to this Court: (a) suspend all Post-Petition Financing and Loans to the Debtor; and/or (b) subject to the provisions of Paragraph 9 above, take any other action or exercise any other right or remedy of the Lender under this Order or by operation of law. Upon the Debtor's receipt of a Default Notice, it shall immediately cease making any disbursements pursuant to the Budget or otherwise, subject to further order of the Court after notice and a hearing.

12.  Debtor is hereby required to deliver to the Lender such other financial and other information concerning the business and affairs of the Debtor as the Lender shall reasonably request from time to time, <u>provided</u> <u>however</u> that the Debtor reserves the right to claim that any such documents are protected under attorney-client privilege to the extent permitted under applicable law. The Debtor shall cooperate with and permit the Lender to perform physical inventories of all assets in the Debtor's facilities at any reasonable times requested by the Lender. Upon Lender's request, the Debtor shall further provide the Lender with (a) detailed information as to the extent and composition of the Collateral and any collections thereon; (b) a daily report, with information reasonably satisfactory to the Lender, identifying and differentiating accounts receivable; (c) a weekly revenue report (including reports of sales); and (d) a weekly variance report of actual expenditures versus Budget expenditures.

12

13-16985-pmc    Doc 10-1    FILED 10/02/13    ENTERED 10/02/13 15:42:04    Page 13 of 17

13. The Court having found that the Lender is extending credit and making Loans to the Debtor in good faith, the Lender shall be entitled to the full protection of Bankruptcy Code § 364(e) with respect to the Post-Petition Financing and the Liens created or authorized by this Order in the event that this Order or any authorization contained herein is stayed, vacated, reversed or modified on appeal. Any stay, modification, reversal or vacation of this Order shall not affect the validity of any obligation of the Debtor to the Lender incurred pursuant to this Order. Notwithstanding any such stay, modification, reversal or vacation, all Loans made pursuant to this Order, and all other Post-Petition Financing incurred by the Debtor pursuant hereto prior to the effective date of any such stay, modification, reversal or vacation, shall be governed in all respects by the provisions hereof and the Lender shall be entitled to all the rights, privileges and benefits of this Order, including without limitation, the Liens, Replacement Liens and Superpriority Claims granted herein.

14. The transactions contemplated by the Post-Petition Financing are not intended to provide the Lender with sufficient control over the Debtor so as to subject the Lender to any liability (including, without limitation, environmental liability as an "owner," "operator," or "responsible person" as those terms are used in the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended by the Superfund Amendments and Reauthorizations Act of 1986) in connection with the management of the Debtor's business or any of the Debtor's properties. By providing the Post-Petition Financing or taking any actions pursuant to this Order, the Lender shall not: (1) be deemed to be in control of the operations or liquidation of the Debtor; or (2) be deemed to be acting as a "responsible person" or "owner or operator" with respect to the operation, management or liquidation of the Debtor.

13

13-16985-pmc    Doc 10-1    FILED 10/02/13    ENTERED 10/02/13 15:42:04    Page 14 of 17

15. The provisions of this Order and any actions taken pursuant hereto shall survive entry of any order, including without limitation (a) confirming any plan of reorganization in the Chapter 11 Case (and the Post-Petition Financing shall not be discharged by the entry of any such order or pursuant to Bankruptcy Code § 1141(d)(4), the Debtor having hereby waived such discharge); (b) converting the Chapter 11 Case to a Chapter 7 case; or (c) dismissing the Chapter 11 Case, and the terms and provisions of this Order as well as the Superpriority Claims and Liens pursuant to this Order shall continue in full force and effect notwithstanding the entry of such order, and such Superpriority Claims and Liens shall maintain their priority as provided by this Order until all Post-Petition Indebtedness are indefeasibly paid in full and discharged.

16. The findings contained in recital paragraphs of this Order shall be binding upon all parties in interest.

17. Except as expressly provided herein, this Order shall be without prejudice to any and all rights, remedies, claims and causes of action which the Lender may have against the Debtor or any third parties, and without prejudice to the right of the Lender to seek relief from the automatic stay in effect pursuant to Bankruptcy Code § 362, or any other relief in the Chapter 11 Case, and the right of the Debtor and the Committee to oppose any such relief by contesting the existence of a Default or an Event of Default and as otherwise consistent with the terms of this Order, subject to Paragraphs 9 and 11 hereof. The provisions of this Order shall be binding upon and inure to the benefit of the Lender and its successors and assigns, and the Debtor, and their successors and assigns, including any trustee or other fiduciary hereafter appointed in the Chapter 11 Case as a legal representative of the Debtor or the Debtor's estate.

18. To the extent any claim or action is brought to surcharge the Collateral pursuant to section 506(c) of the Bankruptcy Code, such surcharge shall only be paid from the Collateral to the extent that assets unencumbered by Lender's Liens are insufficient to pay such amounts.

19. In no event shall the Lender be subject to the equitable doctrine of "marshaling" or any other similar doctrine with respect to any Collateral.

20. The Debtor is authorized to perform all acts, and execute and comply with the terms of such other documents, instruments and agreements as the Lender may reasonably require, as evidence of and for the protection of the Post-Petition Financing, or which otherwise may be deemed reasonably necessary by the Lender to effectuate the terms and conditions of this Order.

21. The Final Hearing will be held on _____, 2013 at _____ _.m. The Debtor shall, on or before _____, 2013, mail copies of a notice of the entry of this Order and the date of the Final Hearing, together with a copy of this Order to the parties having been given notice of the Preliminary Hearing, to any party which has filed prior to such date a request for notices with this Court and to any counsel for any statutory committee of unsecured creditors appointed pursuant to Bankruptcy Code § 1102. The notice of entry of this Order shall state that any party in interest objecting to the Post-Petition Financing shall file written objections with the Clerk of the United States Bankruptcy Court, by no later than 12:00 p.m. on _____ __, 2013. Objections shall be served so that the same are received on or before such date and time by: (a) counsel for the Debtor; (b) counsel for the Lender, and (d) the Office of the United States Trustee.

PREPARED BY:

By: */s/ Harry W. Greenfield*
    Harry W. Greenfield (0003839)
    Buckley King, LPA
    600 Superior Ave., Suite 1400
    Cleveland OH 44114
    Telephone: 216-363-1400
    Facsimile: 216-579-1020

    Counsel to Debtor and Debtor in Possession

1527672_1

16