UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 13-16985 |
| | ) | |
| LifeHealth Science, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor | ) | Judge Pat E. Morgenstern-Clarren |

**MOTION FOR AN ORDER AUTHORIZING DEBTOR TO (A) MAINTAIN EXISTING BANK ACCOUNTS (B) CONTINUE USING EXISTING BUSINESS FORMS, AND (C) GRANTING A LIMITED WAIVER OF THE DEPOSIT GUIDELINES SET FORTH IN 11 U.S.C. § 345**

LifeHealth Science, LLC, debtor and debtor-in-possession in the above-captioned case (the "Debtor"), hereby moves this Court for entry of an order, pursuant to §§ 105(a), 363(b) and 345(b) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtor to (i) maintain its existing bank accounts, (ii) continue using its existing business forms, and (iii) granting a limited waiver of the deposit guidelines established under § 345 of the Bankruptcy Code (the "Motion"). In support of the Motion, the Debtor relies upon the *Declaration of Kent Adams in Support of Voluntary Petition and Various First Day Pleadings* (the "Adams Declaration"), which has been filed concurrently herewith and is incorporated herein by this reference, and respectfully represents as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the Debtor's chapter 11 case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. On October 2, 2013 ("Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing

in possession of its property and is operating and managing its business as debtor in possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case, and no committees have yet been appointed or designated.

3. The Debtor is an Ohio limited liability company that was formed in 2009. The Debtor is in the business of developing, manufacturing and marketing nutritional health supplements, and its headquarters are located in Cleveland, Ohio.

**RELIEF REQUESTED**

4. By this Motion, the Debtor respectfully requests an order waiving certain Chapter 11 operating guidelines established and enforced by the Office of the United States Trustee for Region 9, including the Northern District of Ohio (the "UST"), that require the Debtor to, among other things, (i) close all prepetition bank accounts and open new "Debtor-in-Possession" accounts immediately upon the filing of its Chapter 11 petition, (ii) establish a debtor-in-possession general account, a payroll account, and a tax account for the Debtor, and (iii) comply with the deposit guidelines set forth in section 345 of the Bankruptcy Code. Specifically, the Debtor seeks entry of an order authorizing the Debtor to (i) maintain its existing bank accounts, (ii) continue using its existing business forms, and (iii) granting the Debtor a limited waiver of the deposit guidelines set forth in § 345 of the Bankruptcy Code.

A. <u>The Debtor's Bank Accounts</u>

5. The Debtor, in the ordinary course of its business, maintains two bank accounts at PNC Bank ("PNC") in Cleveland, Ohio—an operating account (the "Operating Account") into which funds collected from customers (who are located all over the world) are deposited and used to pay the Debtor's operating expenses, including accounts payable, payroll, and credit card deposits, and a wire account which is used to receive wire transfer payments from its customers

(the "Wire Account," and together with the Operating Account, the "Bank Accounts").

6. The Debtor should be authorized to continue to use its existing Bank Accounts. The Debtor's customers are located all over the world and therefore, any disruption in the maintenance of the Debtor's Bank Accounts would cause disruption to its customers and irreparable harm the Debtor's estate. The Debtor will coordinate with PNC to ensure that appropriate procedures are in place so that checks issued prior to the Petition Date, but presented after the Petition Date, will not be honored absent approval from the Court.

7. If the UST's requirements related to the Debtor's Bank Accounts are enforced in this case, those requirements would cause severe disruption in the Debtor's business and would impair the Debtor's efforts to pursue alternatives aimed at maximizing the value of its estate expeditiously. Thus, permitting the Debtor to use its existing Bank Accounts is in the best interests of the Debtor's estate, its creditors and other parties in interest. Moreover, any delays or disruption in the payment of wages and other employee related expenses resulting from changing bank accounts would undermine employee morale at this critical time, and would cause the Debtor's employees to suffer great hardship. This, in turn, could result in their departure from the company, which would hamper the Debtor's reorganization efforts. However, the Debtor recognizes that it will need to open an additional account—specifically, a tax account.

8. The Debtor also requests authority to preserve various reporting and accounting mechanisms, such as signatory authorizations and accounting systems central to the maintenance of the Bank Accounts. The interruption or termination of such reporting and accounting mechanisms would undermine the utility of the Bank Accounts. In accordance with existing practices, the Debtor will maintain strict records of all receipts and disbursements from the Bank Accounts during the pendency of this case and will ensure that its records properly distinguish

between pre-petition and post-petition transactions and report accordingly to the UST.

9. Maintenance of the Bank Accounts will avoid delays in payments to administrative creditors, ensure a smooth transition into chapter 11, and facilitate the Debtor's efforts to complete this case rapidly and successfully. Thus, the Debtor respectfully requests that its existing Bank Accounts be deemed debtor-in-possession accounts and that their maintenance and continued use, in the same manner and with the same account numbers, styles and document forms as those employed during the prepetition period, be authorized subject only to a prohibition against honoring prepetition checks without specific authorization from this Court.

10. The Debtor submits the relief requested herein is appropriate and within the Court's authority. Bankruptcy courts routinely grant Chapter 11 debtors authority to continue utilizing existing cash management systems, treating requests for such authority as a relatively "simple matter."[1] The Debtor's continued ordinary course use of its existing bank accounts is consistent with Bankruptcy Code § 363(c)(l), which allows a debtor-in-possession to "use property of the estate in the ordinary course of business."[2] Bankruptcy courts have recognized that strict enforcement of the UST's requirement that a debtor-in-possession close its bank accounts as of the petition date does not serve the rehabilitative purposes of chapter 11 and, hence, have waived that requirement and replaced it with procedures similar to those requested in this Motion.[3]

B. The Debtor's Request to Continue Using Existing Business Forms.

11. In the ordinary course of its business operations, the Debtor uses many checks and

---

[1] *In re Baldwin-United Corp.,* 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987).
[2] *See* In re *Charter Co.* 778 F.2d 617, 621 (11th Cir. 1985); In re *Family Health Services, Inc.,* 104 BR. 279, 281 (Bankr. C.D. Cal.1989); *In re UNR Industries, Inc.,* 46 B.R. 25. 27 (Bankr. N.D. Ill. 1984).
[3] *See In re Columbia Gas Systems, Inc*., 136 B.R. 930, 934 (Bankr. D. Del. 1993), *aff'd in part & rev'd in part*, 997 F.2d 1039 (3d Cir. 1993), *cert. denied*. 114 S. Ct. 1050 (1994) ("allows efficient utilization of cash resources and recognizes the impracticalities of maintaining separate cash accounts for the many different purposes that require cash").

other business forms (the "Business Forms"). By virtue of the nature and scope of the Debtor's business operations and the number of vendors of goods and services with whom the Debtor deals on a regular basis, it is important that it be permitted to continue using its existing checks and other business forms without alteration or change, other than to include the legend "Debtor-in-Possession" or a "debtor-in-possession number" on checks issued after the Petition Date.

12. Consistent with the relief granted in numerous cases, the Court should authorize the Debtor's continued use of existing checks and other business forms.[4]

C. The Debtor's Request for a Limited Waiver of Section 345 Deposit Guidelines Should Be Granted.

13. As a general rule, the amounts on deposit in the Debtor's Bank Accounts do not exceed the amount insured by the Federal Deposit Insurance Corporation (the "FDIC"). Nevertheless, out of an abundance of caution, the Debtor also seeks a limited waiver of the deposit guidelines set forth in § 345(b) of the Bankruptcy Code, to permit the Debtor to maintain its existing Bank Accounts even though they may, from time to time, exceed the amount insured by the FDIC.

14. The Court has the power to grant a waiver of the deposit guidelines contained in § 345 of the Bankruptcy Code.[5] The Debtor's account balances in excess of FDIC insurance limits (if any) will be maintained with banks that are themselves financially stable. Consequently, the limited waiver of the § 345 deposit guidelines pursuant to Bankruptcy Code § 105(a) would not pose a risk to the Debtor's estate or to its creditors.

15. Section 345(a) of the Bankruptcy Code authorizes deposits of money, such as the

---

[4] *See, e.g., In re Republic Technologies, Inc.,* Case Nos. 01-51117 through 01-51120 (Bankr. N.D. Ohio April 3, 2001); *In re LTV Steel Corporation*, Case No. 00-43866 (Bankr. N.D. Ohio Dec. 29, 2000).

[5] *In re Service Merchandise Co.,* 240 B.R. 894 (Bankr. M.D. Tenn. 1999) (court waived the requirements of §345(b) because benefit of waiver to debtor outweighed any risk of harm to the estate).

Debtor's cash, in a manner that "will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment."[6] Moreover, § 345(b) provides that the trustee must require a bond from the entity with which the money is deposited or invested in favor of the United States secured by the undertaking of an adequate corporate surety approved by the UST for deposits that are not "insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States."[7]

16. The Debtor asserts that a waiver of the deposit guidelines set forth in § 345 is necessary to ensure the Debtor's smooth transition into chapter 11. Based upon the Debtor's financial history, it is unlikely that the deposits at issue will exceed the amount insured by the FDIC. In any event, such deposits are secure due to the strength of the Debtor's banking institution. Requiring the Debtor to change its deposits and other procedures could result in harm to the Debtor, its estate and its creditors because it would disrupt its Cash Management System.

17. Accordingly, the Debtor submits that a waiver of the deposit guidelines set forth in § 345(b) to permit the Debtor to maintain deposit accounts that may, from time to time, exceed the amount insured by the FDIC is in the best interests of the Debtor, its estate and its creditors.

## NOTICE

18. No trustee, examiner or creditors' committee has yet been appointed in this chapter 11 case. Notice of this Motion has been given to (a) the UST, and (b) the creditors identified on the Debtor's list of persons holding the twenty (20) largest unsecured claims. In light of the nature of the relief requested, the Debtor submits that no other or further notice is

---

[6] 11 U.S.C. § 345(a).
[7] 11 U.S.C. § 345(b).

necessary.

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit A, authorizing the Debtor to (i) maintain existing bank accounts, (ii) continue using existing business forms, (iii) granting a limited waiver of the deposit guidelines established under § 345 of the Bankruptcy Code, and (iv) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Harry W. Greenfield*
HARRY W. GREENFIELD (0003839)
greenfield@buckleyking.com
JEFFREY C. TOOLE (0064688)
toole@buckleyking.com
HEATHER E. HEBERLEIN (0083828)
heberlein@buckleyking.com
BUCKLEY KING, LPA
1400 Fifth Third Center
600 Superior Avenue, East
Cleveland, Ohio 44114
Telephone: (216) 363-1400
Facsimile: (216) 579-1020

Proposed Attorneys for
LifeHealth Science, LLC,
Debtor and Debtor in Possession

1526939_1